IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alejandro Maldonado on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15 CV 08236 |
| v. | ) ) | Hon. John Tharp, Jr. |
| Trujillo & Trujillo Corp. d/b/a/ Tacos & Burritos Rancho Grande, and Jorge A. Trujillo, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff, Alejandro Maldonado ("Plaintiff") and Defendants, Trujillo & Trujillo Corp. d/b/a/ Tacos & Burritos Rancho Grande ("Tacos & Burritos Rancho Grande") and Jorge A. Trujillo (together "Defendants"), through their respective counsel, seek approval of their settlement in this lawsuit (Plaintiff and Defendants will be collectively referred to as the "Parties"). This lawsuit was brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between them. In support of their Motion, the Parties state as follows:

1. On September 20, 2015, Plaintiff filed this lawsuit against Defendants alleging that Defendants violated the FLSA and IMWL. (Dkt. No. 1). Specifically, Plaintiff alleged that he and other similarly situated individuals were not paid overtime wages, were not compensated

for all hours worked, and were paid below the minimum wage. Defendants deny that they violated the FLSA and IMWL.

2. Plaintiff and Defendants have engaged in extensive arm's-length settlement negotiations privately through counsel. The settlement negotiations have resulted in an individual settlement between Plaintiff and all Defendants. The terms of settlement are contained in the Settlement Agreement and Release, which Defendants have served upon the Court contemporaneously with this Motion for an *in camera* review.

3. Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, at *6 (2d Cir. Aug. 7, 2015)[1]. Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, the Parties request that this Court review the Settlement Agreement and Release and approve the same.

4. The settlement was the product of arm's-length negotiations by Plaintiff and Defendants. It provides relief to Plaintiff, and eliminates the inherent risks the Parties would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

---

[1] A copy of this decision as Exhibit A.

5. Should Plaintiff's claims have proceeded, regardless of whether the case could have proceeded as a collective action under Section 216(b) of the FLSA and/or Federal Rule of Civil Procedure 23, Plaintiff and Defendants would have completed discovery, briefed their motions for class certification and/or to approve notice, possible dispositive motions and set the matter for trial. If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay Plaintiff's attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery.

6. Lastly, Defendants do not oppose the requested attorneys' fees and costs by Plaintiff.

7. For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

8. The Parties have submitted an Agreed Proposed Order for the Court's consideration to Proposed_Order_Tharp@ilnd.uscourt.gov.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and Release, and dismiss all of Plaintiff's claims in this Lawsuit with prejudice, with each party to bear its own fees and costs in accordance with the Settlement Agreement and Release.

Dated: March 29, 2016                              Respectfully submitted,

TRUJILLO & TRUJILLO CORP. and                     ALEJANDRO MALDONADO
JORGE A. TRUJILLO


/s/ William G. Wake                                /s/ Raise Alicea
One of its Attorneys                               One of his Attorneys

Antonio Caldarone                                  Raisa Alicea
William G. Wake                                    ralicea@yourclg.com
acaldarone@lanermuchin.com                         Consumer Law Group, LLC

wwake@lanermuchin.com  
Laner Muchin, Ltd.  
515 North State Street, Suite 2800  
Chicago, Illinois 60654  
(312) 467-9800  
(312) 467-9479 (fax)

6232 North Pulaski Road, Suite 200  
Chicago, Illinois 60646  
(312) 800-1017

## CERTIFICATE OF SERVICE

I, William G. Wake, an attorney, hereby certify that on March 29, 2016, I caused to be served a copy of the foregoing **Joint Motion for Approval of Settlement Agreement and Release**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Raisa Alicea
> Consumer Law Group, LLC
> 6232 North Pulaski Road
> Suite 200
> Chicago, IL  60646
> (312) 800-1017
> ralicea@yourclg.com

/s/William G. Wake
William G. Wake