# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Alejandro Maldonado ("Plaintiff"), Jorge A. Trujillo ("Trujillo") and Trujillo & Trujillo Corp. d/b/a Tacos & Burritos Ranch Grande ("Tacos & Burritos Ranch Grande") (Tacos & Burritos Ranch Grande and Trujillo are together referred to as "Defendants"), (collectively Plaintiff and Defendants are referred to as the "Parties"), to completely settle and resolve all issues between the Parties relating to unpaid wages alleged by Plaintiff, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*, Case No. 15-CV-08236, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants deny each and every allegation in the Lawsuit, and deny that it in any way violated the listed statutes, or were otherwise liable to Plaintiff.

WHEREAS, Plaintiff and Defendants now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters raised in the Lawsuit by Plaintiff against Defendants.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

**(1) Settlement Payment**

(a) In consideration for the promises in this Agreement, Tacos & Burritos Ranch Grande shall pay Plaintiff the gross amount of Fourteen Thousand Eight Hundred and Zero Cents ($14,800.00), as provided in this Paragraph (the "Settlement Payment"). Payment of the Settlement Payment is contingent upon: (i) Plaintiff signing this Agreement and returning it to Defendants; (ii) approval of this Agreement by the Court; and (iii) dismissal of the Lawsuit as provided in Paragraph 3 of this Agreement. The Settlement Payment shall be made and distributed in this paragraph.

(b) Within fourteen (14) days of the satisfaction of the final requirement set forth in Paragraph 1(a), Tacos & Burritos Ranch Grande shall cause to be delivered to the attorneys for Plaintiff the following checks:

i. One check payable to "Alejandro Maldonado" in the gross amount of Three Thousand Four Hundred and Fifty Six Dollars and Zero Cents ($3456.00) less required legal withholdings as payment for any alleged unpaid wages. Tacos & Burritos Ranch Grande shall issue Plaintiff an IRS Form W-2 for this payment.

ii. One check payable to "Alejandro Maldonado" in the gross amount of Five Thousand One Hundred and Eighty Four Dollars and Zero Cents ($5184.00), as payment for any alleged liquidated damages, interest, penalties and for other consideration. Tacos & Burritos Ranch Grande shall issue Plaintiff an IRS Form 1099 for this payment.

    iii. One check payable to "Consumer Law Group" in the amount of Six Thousand One Hundred Sixty Dollars and Zero Cents ($6,160.00) representing payment for Plaintiff's attorneys' fees and costs. Tacos & Burritos Ranch Grande will issue an IRS Form 1099 to Consumer Law Group for this payment (FEIN # 45-1558327).

**(2)** **<u>Release and Covenant Not to Sue</u>**

   (a) To the greatest extent permitted by law, Plaintiff agrees to release the Defendants and the Released Parties (as defined below) regarding all claims he has or might have as of the time he executes this Agreement, whether known or unknown. By way of explanation, but not limiting its completeness, Plaintiff, hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges Defendants and the Released Parties from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Plaintiff's employment with Defendants, Plaintiff's performance of work for Defendants, and any alleged act or omission to act by the Released Parties, whether related or unrelated to their employment, occurring and/or accruing prior to the execution, by Plaintiff, of this Agreement.

   (b) Without limiting the foregoing terms, this Agreement specifically includes all claims brought by Plaintiff or on his behalf for unpaid wages, compensation, discrimination, harassment, retaliation, and interference under the Fair Labor Standards Act, the Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law, the Illinois Workers' Compensation Act (discrimination and retaliation only), Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, and the Illinois Human Rights Act. The release also includes any tort, and any and all claims Plaintiff may have arising from any other federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law.

   (c) This Agreement includes and extinguishes all claims Plaintiff may have for equitable and legal relief, attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates claims for attorneys' fees and costs, and that the releases in this Agreement hereby waives, compromises, releases and discharges any such claims and liens.

   (d) Plaintiff agrees that his release in this Agreement includes all claims and potential claims against Defendants and any affiliated companies, including their parents, subsidiaries, divisions, partners, joint venturers, sister companies, and as intended third-party beneficiaries, their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and company capacities (collectively referred to as the "Released Parties").

(e) Plaintiff promises and covenants that he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release, except that Plaintiff is not prohibited from participating in any administrative matter before a government agency. Plaintiff further waives any right to any form of recovery, compensation or other remedy in any action brought by him or on his behalf.

(3) **Dismissal of the Lawsuit**

The Parties will submit this Agreement to the Honorable Judge John Tharp, Jr. *in camera* for court approval. The Parties request dismissal of the Lawsuit to be initially without prejudice and will automatically convert to a dismissal with prejudice without fees and costs other than those provided in this Agreement on April _, 2016, unless Plaintiff files a Motion to Reinstate before or on that date to enforce the terms of this Agreement. If the case is reinstated, it shall solely be for the purpose of enforcing this Agreement. Plaintiff represents and warrants that he does not presently have any claims pending against the Released Parties before any court, agency or other person/entity other than those identified herein.

(4) **Plaintiff's Acknowledgement of Compensation**

Plaintiff agrees that, with the Settlement Payment, Defendants fully compensated him for all wages, compensation, tips, and bonuses, including minimum wage and overtime pay for each hour he worked for Defendants, and for any other damages, interest and liquidated damages to which he alleges that he is entitled.

(5) **Consideration Period**

Plaintiff understands that he has been given ten (10) days to consider and sign this Agreement (the "consideration period"), and agrees that this consideration period has been reasonable and adequate.

(6) **Entire Agreement**

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Plaintiff and Defendants further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiff, the Owner of Tacos & Burritos Ranch Grande, Inc. and Jorge A. Trujillo.

(7) **Full Knowledge, Consent, And Voluntary Signing**

Plaintiff also agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this Agreement; and he has been advised to consult with an attorney, and in fact has been represented by an attorney (Raisa Alicea and the Consumer Law Group).

### (8) Taxation

Plaintiff agrees that he alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, aside from the payroll taxes withheld from the portion of the Settlement Payment designated as wages. Plaintiff further agrees to indemnify Defendants from any liability against him by any taxing authority.

### (9) Nonassignment

Plaintiff expressly represents that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2(d)); (b) any rights that they may have to assert claims on their behalf or on behalf of others against the Released Parties; and (c) any right he has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration they receive from Defendants are not subject to any liens, garnishments, mortgages or other charges.

### (10) Neutral Construction

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties, regardless of who drafted the Agreement.

### (11) Severability

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

### (12) Nonadmission

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

### (13) Medicare and Social Security

Plaintiff hereby warrants and represents that Plaintiff is presently not, nor has he ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Plaintiff has no claim for Social Security Disability benefits nor is Plaintiff appealing or re-filing for Social Security Disability benefits. Plaintiff further warrants and represents that he did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Plaintiff also warrants and represents that Medicare has not made any payment to or on behalf of Plaintiff, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs. Plaintiff agrees to indemnify and hold Defendants and the Released Parties harmless from: (a) any claims of, or rights of recovery by Medicare and/or

persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiff, and (b) all claims and demands for penalties based upon any failure to report the settlement payment, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to Defendants by Plaintiff. Plaintiff agrees to hold harmless Defendants and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) that Plaintiff may sustain as a result of this Agreement.

### (14) Right to Counsel

Plaintiff acknowledges that he was informed that he has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Plaintiff acknowledges that he has been advised by competent legal counsel of his own choosing, Raisa Alicea and the Consumer Law Group, in connection with the review and execution of this Agreement, and that he had an opportunity to and did negotiate over its terms. Plaintiff further acknowledges that the terms of this Agreement were translated to him from English to Spanish, and he fully understands these terms.

### (15) Confidentiality and Non-Disparagement

Except as otherwise required by law, in a proceeding to enforce this Agreement or as part of his participation in an investigation by a government agency, Plaintiff agrees that neither he nor his attorney or agents will disclose the terms of this Agreement to anyone except Plaintiff's attorneys and tax advisors, and that such persons shall be told that the information must be kept confidential. Additionally, Plaintiff agrees that he will refrain from making any disparaging statements, comments or remarks concerning Defendants, except as otherwise required by law, in a proceeding to enforce this Agreement or as part of his participation in an investigation by a government agency.

### (16) Counterpart Signatures

This Agreement may be executed in counterparts. Faxed, e-mailed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

### (17) Acknowledgement

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**READ CAREFULLY.**
**THIS DOCUMENT CONTAINS MALDONADO'S RELEASE**
**AND WAIVER OF CLAIMS.**

ALEJANDRO MALDONADO          TRUJILLO & TRUJILLO CORP.

_____          _____

Date: _____          Its: _____

                                          Date: _____


JORGE A. TRUJILLO

_____

Date: _____

## **INTERPRETER'S CERTIFICATE**

    I hereby certify that before Alejandro Maldonado signed the foregoing Settlement Agreement and Release, I orally translated its terms to him from English to Spanish.

Print Name:_____

Signature:_____

Date:_____